THE STATE *ex rel.* ZIEGENHEIN, *Collector*, v. TITTMANN, *Public Administrator, Appellant.*

#### Division One, February 5, 1894.

1. **Taxes:** PRIORITY: ADMINISTRATION.   Taxes, duly imposed upon the assets of an estate in process of administration in the probate court, are debts due the state, under the Missouri statutes, and as such have priority to other demands of the third and lower class in the administration of estates.

2. ———: STATUTES: LIMITATION.   Statutes for the limitation of remedies do not apply to actions brought by the state unless clearly so provided by law.

3. ———: PUBLIC RIGHT: AGENCY.   A public right or title should not be lost by the neglect of the agents of the state.

4. ———: ———: LIMITATION.   Neither the general statute of limitations, nor that applicable to claims to be presented for allowance against decedent's estates, bars demands by the state for taxes levied against property while in course of administration.

5. ———: ADMINISTRATION.   Such claims are payable by the administrator without presentment of any demand to the court for allowance.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*Smith & Harrison* for appellant.

(1) A demand of the state for taxes, due prior to death, may be exhibited and allowed against an estate in the probate court and by that court classified under clause 3 of section 183, Revised Statutes, 1889, as a demand against the estate. *State ex rel. v. Donaldson*, 28 Mo. App. 190. (2) The same rule is applied by this court as to taxes which are wholly assessed and accrue after death. *State ex rel. v. Tittmann*, 103 Mo. 553. (3) A tax is an impost levied by the government upon its citizens for the support of the state. It operates *in invitum*. It is not founded on contract, and, in its essential characteristics, it is not a debt. *Carondelet v. Picot*, 38 Mo. 125; *State v. County Court*, 13 Mo. App. 53; *Camden v. Allen*, 26 N. J. L. 398; *Pierce v. Boston*, 3 Metc. 520; *Shaw v. Picket*, 26 Vt. 482; *Packard v. Tisdale*, 53 Me. 376. (4) In this state a tax is not a lien on personalty, prior to seizure, nor can there be any seizure of property in the hands of an administrator. *State v. Goodnow*, 80 Mo. 271; *State ex rel. v. Tittmann*, 103 Mo. 553. (5) The power to collect taxes is purely statutory and the collector can take no step which is not provided for by the statute. Where the legislature has given a specific remedy for the collection of a tax, that and no other can be resorted to. If the remedy be insufficient the legislature and not the courts must supply the defect. *Carondelet v. Picot*, 38 Mo. 125; *McPike v. Pen*, 51 Mo. 63; *Alexander v. Hilber*, 35 Mo. 334; *State v. County Court*, 13 Mo. App. 53; *State ex rel. v. Goodnow*, 80 Mo. 271; *Corporation v. Gould*, 6 Mass. 40; *Crapo v. Stetson*, 8 Metc. 393; *Stevens v. Evans*, 2 Burrows, 1152; *Camden v. Allen*, 26 N. J. L. 398; Sedgwick on Construction of Statutes [2 Ed.], 343. (6) In order to prevent the state being left

without remedy by reason of death in such cases, the legislature has given a remedy by providing for the allowance of taxes as a demand under the administration statute, which is equivalent to an action of debt against the estate. R. S. 1889, secs. 183, 184, 187, 188; *State ex rel. v. Tittmann*, 103 Mo. 553. (7) Our administration statute is essentially a winding up act. It has superseded the machinery of the common law. It has provided a system which is a substitute for the whole doctrine of equitable assets, marshaling of assets in equity and bills for the discovery of assets and account. We no longer have administration suits, but in their stead the probate court lays hold of estates, and completely administers them. The statute now marshals the assets and accordingly "allows" demands and classifies them according to, and under, section 183, Revised Statutes, 1889. *Titterington v. Hooker*, 58 Mo. 593; R. S. 1889, sec. 183, clause 3; *State ex rel. v. Tittmann*, 103 Mo. 553; *State v. Donaldson*, 28 Mo. App. 190; *Montelius v. Sarpy*, 11 Mo. 237. (8) No satisfactory reason can be given why section 184, Revised Statutes, 1889, should not apply to a demand for taxes. The same public policy which has caused the enactment of a special statute of limitations as against other demands will apply to them, and when the reason for such special statute is considered, it is clear that if the legislature had intended them to be excepted it would have so said. It has long been the settled law of Missouri that the exceptions mentioned in section 184, Revised Statutes, 1889, are necessarily exclusive of all others. *Montelius v. Sarpy*, 11 Mo. 242; *Richardson v. Harrison*, 36 Mo. 96; *Greenbaum v. Elliott*, 60 Mo. 32; *Spaulding v. Suss*, 4 Mo. App. 553; *Bauer v. Gray*, 18 Mo. App. 171; *Nelson v. Haeberle*, 26 Mo. App. 1-3; *Burckhartt v. Helfrich*, 77 Mo. 376; *Price v. McCouse*, 30 Mo. App. 627. (9) When a demand first becomes provable

against an estate after death, the settled rule is that the special two years' statute of limitations begins to run when the right accrues to the claimant to proceed and have his demand established. In other words, the statute begins to run when the cause of action accrues. *Greenbaum v. Elliott*, 60 Mo. 25; *Barton v. Rutherford*, 49 Mo. 255; *Tenny's Adm'r v. Lesley's Adm'r*, 80 Mo. 664; *Chambers v. Smith*, 23 Mo. 174; *Miller v. Woodward*, 8 Mo. 169; *Finney v. State*, 9 Mo. 225; *Richardson v. Harrison*, 36 Mo. 96. (10) Notice to creditors, having been, as here, duly published under section 86, Revised Statutes, 1889, it is clearly the meaning of sections 184, 186, 187 and 188 of same statute to give two years and no longer within which all claims provable against an estate must be presented to the court for allowance, and there is nothing in clause 3 of section 183 nor in section 184, creating an exception in the case of taxes. *State ex rel. v. Tittmann*, 103 Mo. 564; *State v. Donaldson*, 28 Mo. App. 192. (11) The statute contemplates that estates will be fully administered in two years, and in order to do this it is necessary that all claims should be exhibited and allowed before the expiration of that time. Section 184, Revised Statutes 1889, is a statute of public policy, intended to imperatively enforce the speedy settlement of estates, and should not be frittered away by judicial interpretation or relaxed in favor of hard cases or in view of the supposed equities of claimants. *Harrison v. Richardson*, 36 Mo. 96; *Spaulding v. Suss*, 4 Mo. App. 541; *Nelson v. Haeberle*, 26 Mo. App. 3; *Price v. McCouse*, 30 Mo. App. 627; *Pfiefer v. Suss*, 73 Mo. 255; *Burckhartt v. Helfrich*, 77 Mo. 377.

*Stone & Slevin* for respondent.

(1) The general statute of limitations can not be evoked against the state. *State ex rel. v. Heman*, 70

Mo. 441; *City v. Whipple,* 71 Mo. 519; *State ex rel. v. Piland,* 81 Mo. 519; R. S. 1879, sec. 6846. (2) Nor can the special statute of limitations (sec. 184, R. S. 1889) be evoked against the state, since the state will not be deemed included within the statute unless especially so declared. *Nullum tempus occurrit regi.* *Gibson v. Chouteau,* 13 Wall. 92; *United States v. Houston,* 48 Fed. Rep. 207; Wood on Limitation [2 Ed.], sec. 52.

BARCLAY, J.—This is the same case which was heard by the second division on a former appeal, reported, 103 Mo. 553.

It is an action to establish a charge against the estate of A. Tholozan, deceased, for unpaid state, school and city taxes, as described in the former report. It was begun, August 27, 1887. The taxes sought to be recovered are for the years 1877 to 1884 inclusive. During these years the estate was in charge of another administrator; but after his removal, the defendant, as public administrator, was regularly placed in possession of it, January 22, 1885.

The only defense is that of limitation.

After the decision of the first appeal, the cause was submitted to the trial court on an agreed statement of facts, upon which a judgment was pronounced, declaring the taxes, interest and statutory penalties valid claims against the assets of said estate (affirmatively shown to be ample) in the hands of defendant as administrator, and directing that judgment to be certified to the probate court for payment in due course of administration.

The defendant appealed, after the usual preliminaries.

1. The rulings on the former appeal have not been questioned upon this; and so, without discussion, we accept the views then announced as the law for the

case in hand.

The defendant does not rely now upon the general statute of limitations. No such point is submitted. He stands solely upon the special or short limitation, contained in the administration 'act. R. S. 1889, sec. 184.

It is a general proposition of law that statutes for the limitation of remedies do not apply to actions brought by the state, in the exercise of its sovereign authority, unless clearly so provided. That rule is of common law origin, and was frequently expressed by the maxim, no time runs against the king. Its reason for existence as part of American jurisprudence is found in the inherent injustice of permitting the public right or title to be lost by the neglect or wrong of the agents of the state.

Actions brought to collect taxes against land, under the express provisions of the revenue act, are not subject to the general limitation law (R. S. 1879, sec. 6846); but defendant insists that the administrator's act furnishes a bar where a stale claim is sought to be established against an estate under administration.

In the present case the taxes are due upon personal property, and were duly levied and assessed against the estate after the death of the deceased.

In the absence of any statutory declaration on the subject, it would seem clear, that, on principle, the state would be no more subject to a limitation as to time, contained in the probate act, than to a general statute of limitation, so long as the estate remained open, in course of administration. This is plainly intimated in *U. S. v. Hoar* (1821), 2 Mason, 311, a decision by Mr. Justice STORY, which has since been extensively cited as a sound precedent.

But defendant seeks to extract from the terms of sections 183 and 184, Revised Statutes, 1889, read

together, the conclusion that the intent of our law is different from the general rule above indicated. He contends that if a demand for taxes is to be treated as a debt of the estate it must be presented seasonably according to the law governing other demands against the estate.

It must not be forgotten, that, in Missouri, by positive law, debts due the state (of which such a claim for taxes against the estate of a decedent is one, as held on the former appeal) are declared prior in right to all demands of the third and lower classes, specified in the administration act (Laws, 1881, p. 35). So that the rank or classification of such a demand, does not depend on the time of its presentment.

The same idea is otherwise expressed in section 183, Revised Statutes, 1889, by which it is made the duty of the administrator to pay all taxes "without any demand therefor being presented to the court for allowance."

Thus, by the unmistakable language of the statutes, general taxes are payable as preferred charges of the third class, against the estate, without the necessity of any order whatsoever by the probate court. The terms of section 184, which relate to claims required to be presented to the court for allowance, can not justly be considered as a barrier to the state's right to insist upon payment of taxes, at any time while the administration remains open. The language of the latter section certainly is not plain enough to justify the inference that it was intended to bar these claims for the revenue account of the commonwealth, and thereby avoid the force of the general rule of jurisprudence (as to the exception of the state from the law of limitation), which, in the absence of legislative expression to the contrary, would be applicable.

The present administrator was not in charge of the

estate when the taxes sued for were levied and first became payable.   He has evidently raised the question above considered in order to be quite sure of the propriety of paying the claims.   But in our judgment the unadministered estate remains liable for the taxes until they are paid, as held by the learned circuit judge on the agreed facts.   The judgment is affirmed.   BLACK, C. J., BRACE AND MACFARLANE, JJ., concur.