**REORGANIZED SCHOOL DISTRICT R–I OF CRAWFORD COUNTY, Missouri (Plaintiff) Appellant,**

**v.**

**REORGANIZED SCHOOL DISTRICT R–III OF WASHINGTON COUNTY, Missouri (Defendant) Respondent.**

No. 30797.

St. Louis Court of Appeals.

Missouri.

Sept. 18, 1962.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 15, 1962.

G. C. Beckham, Steelville, for appellant.

Samuel Richeson, Dearing, Richeson & Weier, Hillsboro, for respondent.

WOLFE, Judge.

This action was instituted by Reorganized School District R–I of Crawford County, Missouri, against Reorganized School District R–III of Washington County, Missouri, for the purpose of securing a declaratory judgment fixing the boundary between the districts. There exists a dispute over certain areas in Washington County from which the defendant district has been receiving taxes. The plaintiff claimed that these areas are within its district and that the defendant has wrongfully been paid the taxes therefrom. There was a judgment for the defendant, and the plaintiff prosecutes this appeal.

It was alleged in the petition that the plaintiff Crawford County District embraced within its boundaries an area in Washington County which was formerly served by three common school districts. These were formerly Oak Hill Common School District No. 8, Metcalf Common School District No. 21, and Paige Common School District No. 22. It is alleged that the defendant district was receiving taxes from 12 sections of land properly within the plaintiff district and sought to have the boundary fixed by a decree of court.

The answer denied that the area in dispute was a part of the plaintiff district. It admitted that it was receiving taxes therefrom. It further set up the statute of limitations and laches.

Ordinarily matters affecting the legality of the organization of a school district cannot be inquired into except by quo warranto in the name of the state. This action, however, is between two school districts. In the case of Walker Reorganized School District R–4 v. Flint, Mo.App., 303 S.W.2d 200, it was held in a well reasoned opinion by the Kansas City Court of Appeals that a declaratory judgment action will lie in a dispute such as this between two school districts. We are in accord with that holding.

There are twelve sections in all, which each of the opposing districts claims as part of its district. The plaintiff Reorganized School District R–I of Crawford County was organized on June 28, 1949. The defendant Reorganized School District R–III of Washington County was organized November 1, 1949. Prior to the reorganization by vote of the district involved, each district had filed for approval a plan of reorganization, and the approved plan for each district was voted on and passed in the districts on the dates above mentioned. Both district plans as submitted and voted upon described the areas that they were to embrace by school districts serving the area at the time of the reorganization, and not by metes and bounds, but maps were submitted with the proposed plan of reorganization by both proposed school districts to the State Department of Education. These maps showed the boundaries of the old school districts.

Mr. Arthur L. Summers, of the State Department of Education, who holds and had held the position of Director of School District Reorganization and Pupil Transportation since 1948, testified on behalf of the plaintiff. He stated that he had official custody of the files pertaining to reorganization of school districts and produced those relating to the parties litigant. In these files were the maps purporting to show the areas included in each of the districts as it was proposed to be reorganized. The boundary of each of the common school dis-

tricts indicated by the maps is in conformity with the plaintiff district contention, and shows all of the area claimed by the plaintiff to be within the plaintiff district. This is true of plaintiff's maps and the maps submitted by the defendant in 1949.

Most of the evidence centers about Section 8, Township 39 North, Range 1 West, Washington County. The plaintiff Reorganized School District R–I of Crawford County contends that this section was part of the old Oak Hill Common School District No. 8, Washington County, at the time that district became a part of the plaintiff Reorganized School District R–I of Crawford County. The defendant contends that Section 8, Township 39 North, Range 1 West, was not a part of the Oak Hill District, but was a part of the Baker District at the time that district became a part of the defendant Reorganized School District of Washington County.

The earliest map introduced in evidence by plaintiff is in the minute book of the Baker School District for the years 1911 to 1919, and the map does not include Section 8 in the old Baker School District which became a part of the defendant district. Other old maps, one from the office of the County Superintendent of Schools and another from the County Clerk's office, also show that Section 8 was in the Oak Hill District taken in by the plaintiff district R–I of Crawford County. All of the available minute books of the Baker School District were put in evidence by the plaintiff. Only the first book contained a map of the district, certified to by the Clerk of the District, and there were no minutes of any change. There were no minutes from 1919 to 1943 except for an entry in 1936. If minutes had been kept for this period, the books apparently were not available. Those of 1944 to 1958 were introduced in evidence, and these contained no plat of the Baker District.

It had been stipulated at the outset of the trial that as to Section 8 in controversy, taxes on that section had been paid to the

Baker School District since the year 1940, and to its successor, Reorganized School District R–III of Washington County, after it became a part of that district. Prior to 1940 the taxes on that section were paid to the Oak Hill District, which in 1949 became a part of the plaintiff Reorganized District.

A witness who had been clerk of the Baker District from 1936 to 1956 was called by the plaintiff and testified that she knew of no election whereby Section 8 had been voted into the Baker School District, and the available minutes mentioned no such election. She said that while she was clerk she thought that Section 8 belonged to the Baker District and acted upon that assumption, but that she had never heard of a vote on it. She said that there was an election to vote in additional territory, but she did not think it was Section 8. She thought that some children from Section 8 had attended the Baker School, but she was not certain that they lived in Section 8.

The clerk of the plaintiff Crawford District testified that she had been unable to locate any records of the old Washington County Common School Oak Hill No. 8, now a part of the plaintiff district. She had located one book of the old Paige District, but this was of little probative value. The entries were few, but in no way indicated any change in the boundaries of the district.

There was testimony by other witnesses that there had been no change in the Baker District, and this, from all records available, never did include Section 8 for which the defendant is contending.

The clerk of the county court testified that the only record he had of the districts in question was the map mentioned, which corresponds to the plaintiff's map. He stated that he had no record of any change in the districts and that the tax changes made were done by the assessor, who certified to the clerk the school district to which the taxes were to be allocated.

The superintendent of the plaintiff district testified that he had held that position for five years. He said that he had made inquiry about the area in dispute, and that in so far as he could ascertain, there had been no children living in the disputed area during the years immediately preceding the formation of R–I of Crawford County,. and that there were none living there now.

He stated that it first came to his attention, about two years prior to the time of trial, that the plaintiff district was receiving no taxes from the area, and he then requested the School Board, through its attorney, to do something about it. On cross-examination he stated that this district had no bus routes into the area. He also stated on cross-examination that the defendant district would be reasonably convenient over Highway 114.

By the stipulated facts it was agreed that prior to 1940 the taxes on Section 8 had been paid into the Oak Hill District, later taken into the plaintiff district, but that since that time they were paid into the Baker District and later into the defendant district when the Baker District was taken into it.

Section 6, Township 38 North, Range 1 East, according to the stipulation, had been taxed since 1932 in the Ebo District, and later in its successor, the defendant district. Prior to 1932, taxes were paid into the Paige District, which is now a part of the plaintiff district.

Sections 7 and 8, Township 38 North, Range 1 East, according to the stipulation, had been taxed as in the defendant district since 1951, but prior to that taxes were received by plaintiff district and the Paige District, which it took in.

The stipulation further states that the same situation took place in regard to Sections 17, 18, 19, and 20, Township 38 North, Range 1 East, except that the defendant Washington County District did not start receiving these taxes until 1956. Prior to that they were paid to the plaintiff Crawford County District from the date of its reorganization up to 1956. Prior to that

the taxes were paid to the Paige District, which it took in.

It was stipulated that the taxes on Section 29, Township 38 North, Range 1 East, had been paid into the Paige District up to 1948, and that thereafter they were paid into the Flint Hill Common School District, or its successor, Washington County R–III, the defendant.

The other sections in controversy are 30, 31, and 32, Township 38 North, Range 1 East. These were also in the Paige District, which was taken in by Crawford County District and which received taxes until 1958, after which the taxes were paid to the defendant Washington County District.

The only witnesses offered by the defendant district testified that it was generally considered that Section 8 was in the Baker School District. One testified that a man named Mercer had lived in a cabin in Section 8, and that his children had attended the Baker School. The Superintendent of Washington County R–III of the defendant district testified that it was generally thought that Section 6 was in his district, but he knew of no children living there. All of the area in question, with the exception of Section 8, is timberland, uncultivated and uninhabited. Section 8 has recently been developed for mining purposes.

Upon this evidence the trial court found that the Baker School District had enumerated children in Section 8 in the Baker District, and that for a period of years taxes had been collected from the other sections by the defendant district without challenge, and that bus transportation was available in the defendant Washington County District; that no such transportation had been furnished by the Crawford District, and that the area in dispute could therefore be better served by the defendant district. It therefore held that the plaintiff district had failed to show any legal reason for barring the defendant district from collecting taxes and exercising school jurisdiction over the disputed territory. It further found that

the plaintiff's action was barred by laches and limitations.

■ As stated, plaintiff Crawford County School District R–I appealed from the judgment entered. The respondent asserts that the judgment of the court was for the proper party in that the party plaintiff, the appellant here, did not sustain its burden of proof. We are cited to three cases, two of which are suits to quiet title to real estate, and the other is a suit to set aside a tax deed. No title to real estate is herein litigated, so we do not find such cases analogous. There is, however, no doubt that the burden here, as in other cases, rests upon the plaintiff.

Extending this argument to the evidence, the respondent states that Exhibits B–1, C–1, and D–1 were of no probative value, citing us to Ensminger v. Stout, Mo.App., 287 S.W.2d 400, which holds that the conclusions of a police officer contained in a police report were not admissible. We are also cited to Sorrell v. Hudson, Mo.Sup., 335 S.W.2d 1, relating to the admissibility of a city ordinance without compliance with Section 490.240, RSMo 1949, V.A.M.S., which requires certification of the ordinance or other proof of its authenticity.

■ We do not see that these cases relate to evidence such as we have before us. The three maps of which respondent complains were in the files of the State Department of Education. Exhibit B–1 was a map submitted by the plaintiff in 1949, and the other two exhibits were maps submitted by the defendant that same year. All of the maps were submitted by the respective Boards of Education of the two counties and were in the state file relating to the reorganized school district of the county submitting them. They were records properly received in evidence under and by virtue of Section 490.240, RSMo 1949, V.A.M.S. The custodian of the records identified them, told of the mode of their preparation, and said they were made in the course of the school business of each county. These maps

leave no doubt that the boundaries of the old common school districts were exactly as the plaintiff contends. They are fortified as they relate to Section 8 by the Baker School District minute book. This old book carried a clear certification of the sections embraced within it, and it does not include Section 8 for which the Washington County District R–III, respondent, contends.

Two other maps, one from the files of the county court, and another from the file of the county superintendent of Washington County, are questioned by the respondent as to their admissibility. But we do not need to consider these, for the record evidence of the boundaries of the old common school districts is conclusive without these two maps. It all shows that the sections involved were voted into and became a part of the plaintiff district in 1949.

The law as it relates to the establishment of districts such as those under consideration was discussed by the Missouri Supreme Court en banc in State ex inf. Eagleton et al. v. Van Landuyt et al., 359 S.W.2d 773. In it the court stated that the establishment of public school systems is primarily a function of the state, and on questions of organizational disputes involving a district extending into an adjoining county, the *final* solution rests with the State Board of Education under Section 165.673, RSMo 1949, V.A.M.S.

Certainly a plan approved without dispute—and here there was none—must have the same finality. Reorganized School District R–I of Crawford County was established in 1949. Its boundaries had been determined and approved by the state board. This was final, and the district, by a subsequent vote then established, included within it all of the area for which it contends.

■ Respondent asserts that the court properly held that the statute of limitations had run against the plaintiff's action, and we are cited to Section 516.010 relating to limitation of actions for recovery of land, and to Sections 516.110 and 516.120 relating to personal actions. Section 516.360 pro-

vides that these limitations shall apply to the state. This action is neither for the recovery of real property or a personal action within the statute. The action is to enforce a public right, and it is therefore not within the statutes mentioned. State ex rel. Wyatt v. Cantley, 325 Mo. 67, 26 S.W.2d 976. As to laches it was stated in State ex rel. Taylor v. Blair, 357 Mo. 586, 210 S.W.2d 1, l. c. 3:

"'Laches on the part of the government in bringing suit is said not to be a defense in the case of a claim which is founded on sovereign right. It is also observed that the laches of the officers of the government cannot be set up as a defense to a claim which is made by the government.' 19 Am.Jur., Equity § 495. In 30 C.J.S., Equity, § 114, it is said: 'The doctrine of laches cannot be applied against public rights. While the contrary has been held, by the weight of authority the defense of laches is not available against the government, state or national, in a suit by it to enforce a public right or to protect a public interest, or, as the rule is sometimes expressed, the laches of its officers or agents will not be imputed to the government. This rule applies, however, only to suits brought by the government in its sovereign capacity to enforce or to protect a public or governmental right; if it sues for the use and benefit of an individual, or for the enforcement or the protection of a private and proprietary right rather than a public or governmental right, laches is pleadable against it the same as against an individual.'"

■■ It is our duty to try the case de novo on appeal, and we find the boundaries of the plaintiff school district were fixed in 1949 and remained unchanged since then. For some wholly unexplained reason, and completely without authority of law, the taxes of certain sections of the plaintiff district have been erroneously transferred to the defendant district at various times since then. There are no school children in the

**382**

entire area in question, and there have not been since 1949.

For the reasons stated, the judgment is reversed and remanded to the Circuit Court with directions to enter a decree for the plaintiff, holding all twelve sections to be within the boundaries of Reorganized School District R–I of Crawford County.

ANDERSON, P. J., concurs.

RUDDY, J., not sitting.