STATE of Missouri ex rel. JUNIOR COLLEGE DISTRICT OF SEDALIA, William C. Hopkins, C. Gordon Stauffacher, Donald C. Proctor, John W. Ragland, E. L. Rhodes, and Clarence Frisch, Trustees; the State Board of Education and Hubert Wheeler, Commissioner of Education, Relators,

v.

The Honorable Charles V. BARKER, Judge, Circuit Court of Benton County, 30th Judicial Circuit, Respondent.

No. 52939.

Supreme Court of Missouri, En Banc.

Aug. 30, 1967.

William F. Brown and James T. Buckley, Sedalia, for relators Board of Trustees of Junior College District of Sedalia.

Norman H. Anderson, Atty. Gen., Louis C. DeFeo, Jr., Asst. Atty. Gen., Jefferson City, for relators Commissioner of Education and State Board of Education.

Winston Cook and Thomas A. Vetter, Jefferson City, for respondent Charles V. Barker, Judge, Circuit Court of Benton County, 30th Judicial District.

HENLEY, Judge.

This is an original proceeding in prohibition to prevent respondent from exercising jurisdiction in the case of Stelljes, et al., v. Lamkin, et al., members of the State Board of Education; Hubert Wheeler, State Commissioner of Education; and William C. Hopkins, et al., Trustees of The Junior College District of Sedalia, filed and pending in the circuit court of Benton County, except to enter a final judgment dismissing the case. Stelljes, et al., are hereinafter referred to as plaintiffs.

The case of Stelljes, et al., v. Lamkin, et al., filed by residents and taxpayers of Benton county, arose out of the recent organization of The Junior College District of Sedalia, Missouri, one of the relators, hereinafter sometimes referred to as the District. The District consists of parts of both Benton and Pettis counties.

Prior to December 5, 1965, a petition was presented to the State Board of Education (hereinafter referred to as State Board or Board) by voters of each component school district within the proposed junior college district area praying that the area described therein be organized as "The Junior College District of Sedalia, Missouri." On the latter date the Relator, State Board, determined that the area proposed to be included within the District met the standards established for junior college districts and ordered that an election be held within that area on April 5, 1966, to vote on the proposal and to elect trustees. The proposal to organize the District was approved by the voters and the relators, William C. Hopkins, et al., were at the same time elected as the six trustees of the District. Thereafter the results of the election were transmitted to the State Board and on May 6, 1966, that Board made an order declaring the District organized. The steps taken and the procedure outlined in this paragraph are provided for in § 178.800. (All statutory references are to RSMo 1959 and V.A.M.S.)

On May 6, 1966, the same day the Board made its above-mentioned order, counsel for the plaintiffs, Stelljes, et al., presented a petition to the Board requesting a hearing on " * * * whether the Board's determination of December 5, 1966, was supported by evidence as required by statute and by administrative rules and regulations of the Board." The request for a hearing was denied and, as indicated, the Board entered its order declaring the District organized.

Seven days later, on May 13, 1966, plaintiffs filed their suit sounding in the nature of a petition for review pursuant to Chapter 536, RSMo 1959, V.A.M.S., for a declaratory judgment, and for an injunction. Three of the trustees of the District, defendants in that suit and relators herein, are residents of Benton county.

Plaintiffs' petition alleges that the action is brought to review the "Principles, Regulations and Standards for the Organization and Accreditation of Public Junior Col-

leges in Missouri adopted by the State Board pursuant to §§ 178.770—178.890 * * *" and to review " * * * the legality of the application of those rules and proceedings with respect to the formation of * * *" this District. The petition states that they were denied a hearing before the Board and are, therefore, entitled to a hearing before the court with the right to present evidence in support of their allegations. The petition further alleges that §§ 178.770–178.890 violate Article II and § 9(b) of Article IX, Constitution of Missouri, V.A.M.S., in that they constitute an unlawful delegation of powers by the General Assembly to the State Board by permitting the Board to determine whether an additional educational institution is necessary. The petition further alleges that the "Principles, Regulations and Standards * * *" adopted by the Board are arbitrary, capricious, and unreasonable and, therefore, unlawful, because they do not provide for a public hearing to insure that the initiative to establish a junior college district does in fact come from the area to be served, and because those Principles, etc., do not furnish criteria or standards for determining whether: (1) a junior college is needed in a proposed district, (2) the tax base is sufficient to support such college, (3) the high schools within the district graduate each year a sufficient number of persons to maintain an adequate enrollment. The petition further alleges that the State Board unlawfully delegated its powers to make a survey to determine the need and potential for a junior college in the area to a private group not representative of the whole area, but representative only of Pettis county and the city of Sedalia in particular, and that this group, in securing signatures on the petition for formation of the District, misrepresented the facts and misled the citizens of Benton county signing the petition. The petition further alleges that the proposal to form the District was not submitted to the Missouri Commission on Higher Education established by Chapter 173, RS Mo 1959, V.A.M.S. and, because it was not so submitted and is not a part of the plan for higher education that Commission is charged with establishing, formation of the District was arbitrary, unreasonable, and contrary to the intent of the General Assembly in enacting Chapter 173. The petition further alleges, in substance, that the State Board did not follow the constitution, statutes, or its own rules, and abused its discretion and acted arbitrarily and unlawfully in approving formation of the District in that the District: (1) does not fit logically into a state-wide system of public supported colleges, (2) is not compact in area, (3) does not include a population large enough to justify a two-year college, (4) does not include a territory of such size that resident students can commute from home to school in a reasonable length of time, (5) does not encompass enough area to provide a tax base sufficient to support an accredited junior college program, (6) is not needed because there is no lack of post high school educational opportunities; and, further, that the high schools within the District do not graduate each year a sufficient number of students to maintain an adequate enrollment.

The prayer of the petition is for a decree (1) that §§ 178.770–178.890 are unconstitutional; (2) that the "Principles, Regulations and Standards," adopted by the State Board are invalid, insofar as they apply to the District; (3) that the District was not organized in accordance with the law; and (4) that the Trustees be permanently enjoined from taking any further steps in connection with the formation, organization or operation of the District.

On the same day the petition was filed the court, without notice, entered an order temporarily enjoining the Trustees from taking any further action to form, organize and operate the District.

Thereafter, in June and July, 1966, the defendants in Stelljes, et al., v. Lamkin, et al., (relators herein) filed their separate motions to dismiss the action and to dis-

solve the temporary injunction on the grounds, inter alia, that (1) the venue was not proper, (2) the court was without jurisdiction, and (3) the District is a public corporation, the legality of the formation and existence of which may be attacked by quo warranto only. These motions were overruled by the Honorable William E. Neff, Jr., then judge of that circuit. Respondent became judge of the circuit on January 1, 1967, and thereafter the trustees, State Board and Commissioner of Education renewed their objections to the jurisdiction of the court by again filing motions alleging essentially the same grounds as those above mentioned. These motions were overruled by respondent on February 21, 1967, and on April 10, 1967, this court issued its provisional rule in prohibition in response to relators' petition for the writ filed March 31, 1967.

■ Relators' first and main point is that the court has exceeded its jurisdiction by granting the injunction and is without jurisdiction to grant the relief prayed because the District is a public corporation the legality of the formation and existence of which may not be challenged by individuals as plaintiffs by declaratory judgment action, injunction or petition for review, but may be challenged by the State only by quo warranto, a direct proceeding instituted for that purpose.

■ Plaintiffs' petition in the trial court and relators' petition for the writ of prohibition allege, and respondent's return to the

provisional rule admits, the detailed steps taken and the procedure followed pursuant to § 178.800 to effect the organization of the District; relators and respondent have stipulated to facts showing an assumption of corporate powers by the District and its trustees. We conclude from this record that the District is a public corporation, subsection 2 of § 178.770, having at least a de facto existence. State ex rel. Consolidated School District No. 2, Clinton County v. Hunt, Mo., 199 S.W. 944; State ex rel. Hand et al. v. Bilyeu, Mo.App., 346 S.W.2d 221, 230 [17]; Spiking School District No. 71, De Kalb County et al. v. Purported "Enlarged School District R–II, De Kalb County, Mo.," et al., 362 Mo. 848, 245 S.W.2d 13, 21 [10–11].

■ The law is settled that when a public body has, under color of authority, assumed to exercise the powers of a public corporation of a kind recognized by law, so as to become at lest a de facto corporation, the validity of its organization can be challenged only by direct proceedings in quo warranto by the state through its officers designated in § 531.010, and cannot be challenged by individuals. Spiking School District No. 71, De Kalb County, et al. v. Purported "Enlarged School District, De Kalb County, Mo.", et al., supra, l.c. 21 [11–13], and cases there cited.[1]

"Some courts give as the reason for the * * * rule [stated in *Spiking* and other cases] that corporate franchises are grants of sovereignty only, and, if the state ac-

1. Compare: Walker Reorganized School District R-4 v. Flint et al., Mo.App., 303 S.W.2d 200, 205–206 [2], cited by respondent, holding that one school district can maintain an action against another school district for a judgment declaring that defendant district had become a part of plaintiff district by annexation. In so holding the court referred specifically to page 21 of the Spiking case (245 S. W.2d) and noted " * * * that the Supreme Court has been careful to leave the door open for the decision that the cases in which individuals are endeavoring to attack the validity of an annexa-

tion or a reorganization through a proceeding other than by quo warranto in the name of the State are not necessarily controlling where two school districts are claiming the same territory." However, as to the individual parties in the Walker case, the court held (303 S.W.2d l.c. 206 [3]) that the Spiking case was controlling and they had no right to question the validity of the purported annexation. See also: Reorganized School District R-I of Crawford County v. Reorganized School District R-III of Washington County, Mo.App., 360 S.W.2d 376, 378 [1–2].

quiesces in their usurpation, individuals will not be heard to complain. Others base the rule upon consideration of public policy, emphasizing the importance of stability and certainty in such matters, and the serious consequences which might follow if the existence of a public corporation could be called in question by persons who do not have an interest in the matter separate and distinct from that of the State itself. But, whatever reason is advanced, the rule is unanimous that where a public body has, under color of authority, assumed to exercise the power of a public corporation of a kind recognized by law, the validity of its organization can only be challenged by the State * * *. Its de facto existence * * * should not be allowed to be questioned by private individuals. State ex rel. Childs, Att'y. Gen., v. Board of Com'rs of Crow Wing County, 66 Minn. 519, [68 N.W. 767,] 69 N.W. 925, [73 N.W. 631,] 35 L.R.A. 745." Spilker et al. v. Bethel Special School District of Shelby County et al., Mo.App., 235 S.W.2d 78, 80[3].

Respondent contends (1) that approval of the organization of the District by the State Board was an administrative decision of a judicial or quasi judicial nature subject to review pursuant to Article V, § 22, Constitution of Missouri and chapter 536, RSMo., V.A.M.S., (2) that plaintiffs have standing to maintain an action to review that decision, (3) that quo warranto is not the exclusive remedy, and (4) that relators' petition for the writ of prohibition is barred by laches; therefore, he is not acting without or in excess of his jurisdiction.

As indicated, plaintiffs' pleading is a combination of an action for declaratory judgment, suit for injunction, and a petition for review under chapter 536. As a petition for review of the action of the State Board it is still nothing more or less than an attack by individuals upon the validity of the formation and existence of the District, a public corporation; it charges that formation of the District was unlawful and prays an adjudication sustaining that charge; it seeks in the guise of review under chapter 536 the same ultimate result sought in actions we have said individuals may not maintain against public corporations.

■ We hold that individual plaintiffs may not maintain an action attacking the validity of a public corporation by way of a petition for review.

Plaintiffs' petition states no claim for relief to which plaintiffs are entitled, and none can be stated by them. A determination of the questions presented necessarily indirectly involves whether the District may levy taxes and, at a crucial time of the year, whether it may collect taxes, whether it may receive federal financial grants and state financial assistance, and whether it may employ faculty and administrative personnel and enroll students. Therefore, the public interest demands a speedy determination of these questions and an appeal would be inadequate. Respondent exceeded his jurisdiction in granting the temporary injunction and, for the reasons stated, is without jurisdiction to further entertain the action.

■ In support of his contention that relators' petition for the writ of prohibition is barred by laches respondent cites State ex rel. Nineteenth Hole, Inc. v. Marion Superior Court et al., 243 Ind. 604, 189 N.E.2d 421. He cites no Missouri cases or other authority. We have read this cited case; it is not applicable to the facts in this case. We find no authority, pro or con, on this proposition. We are not impressed with respondent's contention, and, while relators' petition for the writ could have been filed earlier, under the circumstances of this case we are not inclined to hold that the petition is barred by laches, and decline to do so.

The provisional rule in prohibition is made absolute.

All concur.