STATE of Missouri ex rel. MEMBERS OF the BOARD OF EDUCATION OF EVERTON R–III SCHOOL DISTRICT, Relators-Appellants,

v.

MEMBERS OF the BOARD OF EDUCATION OF GREENFIELD R–IV SCHOOL DISTRICT, Respondents.

No. 10560.

Missouri Court of Appeals, Springfield District, Division Two.

Oct. 19, 1978.

Nicholas R. Fiorella, Springfield, for relators-appellants.

J. A. Appelquist, Springfield, for respondents.

BILLINGS, Chief Judge.

Two-count suit by Everton R–III School District against Greenfield R–IV School District. Plaintiff sought mandamus and declaratory judgment relief, challenging the change of boundaries between the two districts. The trial court ruled quo warranto, not mandamus, was plaintiff's remedy and entered judgment for defendant on count two. The judgment entered on count two is modified as hereinafter set forth, and as modified the judgment of the lower court is affirmed.

Everton and Greenfield are six-director districts. Pursuant to § 162.431, RSMo 1969, an election for a change in boundaries was conducted. Everton voted against and Greenfield voted for the proposed change. Appeal to the state board of education resulted in the appointment of a Board of

Arbitration which approved the boundaries change. This action transferred property formerly included in Everton district to the Greenfield district.

Plaintiff's counts alleged the transferred property was not contiguous territory to the Greenfield district and the change violated Missouri law. Both counts sought restoration of the disputed property to Everton's jurisdiction.

After hearing evidence, the trial court sustained Greenfield's motion to dismiss the mandamus proceeding and in entering judgment against Everton for a declaratory judgment held the court ". . . can not and will not disturb, invade or review the merits of changes in school district boundaries passed upon by a Statutory Board of Arbitration having duly acted as in the case at hand and [Everton is] denied the relief requested in Count Two . . . and the decision of the Board of Arbitration is upheld."

We need not and do not consider Everton's contention that § 162.431 requires any boundaries change to be contiguous to the districts involved because resolution of that question can only be determined in quo warranto since it is clear to us that the dispute in this case involves claim of jurisdiction over the same property by two school districts. "[T]he public interest is involved and the rights of the respective districts should be settled in Quo Warranto." *State ex rel. Purdy Reorg. Sch. Dist. No. 11 v. Snider*, 470 S.W.2d 805, 809 (Mo. App.1971).

In *State ex inf. Dalton ex rel. Hough v. Eckley*, 347 S.W.2d 704 (Mo. banc 1961), our Supreme Court said at 707: "Quo Warranto is a proper remedy to test the jurisdiction of a school board over territory claimed by another school district." The court also stated that the courts could not review the merits of changes in boundaries or the merits of a reorganization of school districts because such matters, as well as the proceedings to effect such changes, were legislative matters.

Everton, nevertheless, contends it is entitled to judicial review, either in mandamus or by declaratory judgment, and in support of the latter remedy relies on declaratory judgment suits in which the *validity* of *annexation* proceedings was the central issue. In an earlier chapter of *Eckley, England v. Eckley*, 330 S.W.2d 738 (Mo. banc 1959), the court reviewed at length the history of the change of boundaries statute and distinguished what is now § 162.431 from the annexation statute, § 162.441. Among other things, the court noted that arbitration between districts is provided for in change of boundaries but not in annexation proceedings, and said "Arbitration was provided for upon disagreement of districts, *the arbitration to be final.*" 330 S.W.2d at 743 (our emphasis).

The trial court correctly ruled mandamus would not lie against Greenfield. It was also correct in concluding it had no jurisdiction to review the merits of the boundaries change between the contesting districts. It erred in purporting to affirm the decision of the Board of Arbitration. Having determined it had no jurisdiction, the count for declaratory relief should have been dismissed without prejudice to plaintiff's right to proceed via quo warranto if it was so inclined. Accordingly, the judgment entry is so modified and as modified, is affirmed.

HOGAN, J., and RAGLAND, CONLEY and YEAMAN, Special Judges, concur.