STATE ex inf. John ASHCROFT, Attorney General, and ex rel. the CURATORS OF the UNIVERSITY OF MISSOURI, et al., Relators,

v.

The TOWN OF WELDON SPRINGS HEIGHTS, Missouri, a Municipal Corporation, Respondent.

No. 61102.

Supreme Court of Missouri, En Banc.

June 19, 1979.

John D. Ashcroft, Atty. Gen., Preston Dean, First Asst. Atty. Gen., Jefferson City, Jackson A. Wright, Columbia, Cyril M. Hendricks, Jefferson City, for relators.

David A. McMahon, Clayton, for respondent.

RENDLEN, Judge.

By quo warranto relators challenge respondent's annexation of some 2000 acres of land in St. Charles County wholly owned by the University of Missouri, a public corporation of the State. Because most of the land involved was employed for farming purposes and unavailable for annexation under § 80.030, RSMo 1969, we hold the annexation void and oust respondent from the area taken.

Respondent, incorporated as a town under chap. 80, towns and villages, Revised Statutes of Missouri, included an area of 63.07 acres prior to the purported annexation. The land it attempted to annex comprised more than 2000 acres. Pursuant to ordinance of its town council adopted September 27, 1977, respondent filed a petition to extend its boundaries with the St. Charles County court alleging that the tract was not then being used for farming, gardening, horticultural or dairying purposes. The Curators filed "answer and objection to petition to extend boundaries" to which they attached an affidavit of the Universi-

ty's vice-president for business management which stated in part "that said land is now and has been for many years used for farming and other horticultural purposes by The Curators of the University of Missouri . . . ." During the evening of May 2, 1978, the county court held a public hearing on the proposed annexation, and on June 22 entered an order approving the annexation.

Although relators mount several challenges to the validity of the county court's order, we need discuss only one. Section 80.030, RSMo 1969, bars the annexation of agricultural land by respondent in these terms: "[N]o tract of ten acres or more of any unplatted or unsubdivided land used for farming, gardening, horticultural or dairying purposes shall be included in a town by such extension of boundaries without consent of the owner of such tract." The Curators' written objections made clear, and there is no dispute, that the University did not give its consent and the annexed land exceeded 10 acres.[1] Thus the only disputed issue is whether the land was being used for farming purposes.

 It first should be stated that quo warranto lies to attack the annexation of land by a village. *State ex inf. Eagleton v. Champ*, 393 S.W.2d 516, 521, 530 (Mo. banc 1965). In proceedings in the nature of quo warranto this Court makes the findings of fact necessary for its decision, *State ex inf. Eagleton v. Elliott*, 380 S.W.2d 929 (Mo. banc 1964), and in view of the parties' stipulation and other evidence in the record, appointment of a special commissioner to develop further evidence is not required. From the record here we find that prior to the county court's public hearing of May 2, 1978, the Curators filed their objections and included the affidavit referred to above which identified the farming and horticultural uses to which the land was put. The written objections and affidavit were presented to the county court at the public hearing of May 2. After the public hearing, the county court requested an opinion

from the prosecuting attorney as to the annexation, with particular reference to the question of use of the land for farming purposes. The prosecutor's opinion, received on June 6, quoted the portion of § 80.030 set out above and suggested that evidence on the question would be required. Relators have additionally submitted as part of the record for this Court's consideration the affidavit of the manager of Weldon Springs operations for the Curators wherein he states that the University cut and baled hay from four fields of the land sought to be annexed in 1977 and 1978, that wheat was planted and harvested in another field in 1977 and 1978, and that seven more fields within the acreage sought were used to pasture horses and cattle from 1974 through 1978 under written lease with certain persons from Troy, Missouri. Furthermore, most if not all of the above mentioned fields have been put to similar uses since 1967, which was the year affiant became the local manager for the University. A map attached to the affidavit shows that the fields involved for agricultural purposes comprise a substantial majority of the land in question. Significantly respondent has not chosen to submit countervailing affidavits or any evidence contrary thereto. In its brief respondent does not deny that the land has been employed for farming purposes. Instead respondent there argues that the University of Missouri is not a farmer or horticulturalist and does not fall within the class of persons protected by § 80.030. In so contending, respondent overlooks that § 80.030 makes decisive the character of the land, not the occupation of its owner. From all the evidence we find that the land came within the proscription in § 80.030 against annexation of land "used for farming . . . purposes," and the annexation and extension of boundaries by respondent constituted an abuse of discretion and an invalid exercise of jurisdiction over territory thereby excluding the jurisdiction.

---

1. Respondent in its brief states that "There is no evidence that the land consists of more than 10 acres"; however, the "Information" alleges the annexed area includes more than 2000 acres and respondent by its answer admitted that fact as alleged.

Respondent argues that this Court must presume the county court found the facts to be the opposite and must give deference to that finding. The argument fails in light of this Court's opinion in *In re Village of Lone Jack*, 419 S.W.2d 87, 91 (Mo. banc 1967): "[O]n the question of whether the county court may have exceeded its jurisdiction by incorporating a large area of farm land . . . we are not bound by the county court's order [citation omitted] and decline to indulge the presumption urged by proponents." *See also State ex inf. Eagleton v. Champ*, 393 S.W.2d at 526.

The purported annexation to the Town of Weldon Springs Heights ordered by the county court of St. Charles County on June 22, 1978, is set aside and respondent is ousted from the area purportedly annexed.

All concur.