

# Missouri Court of Appeals

### Southern District

### Division Two

CRYSTAL KAY TERRILL,                          )
                                              )
    Petitioner/Counter-movant-Respondent,    )
                                              )
vs.                                           )          No. SD33732
                                              )
SHANE CHRISTOPHER YOUNG,                      )          **Filed: November 23, 2015**
                                              )
    Respondent/Movant-Appellant.             )

### APPEAL FROM THE CIRCUIT COURT OF DOUGLAS COUNTY

Honorable R. Craig Carter, Circuit Judge

### REVERSED AND REMANDED

Shane Christopher Young ("Father") appeals from the trial court's judgment dismissing his motion for modification of his right to visitation with his child with Crystal Kay Terrill[1] ("Mother") because the motion failed to state a cause of action. We reverse and remand for further proceedings. The motion stated a cause of action for modification of Father's right to visitation with the child under section 452.400.2(1), RSMo Cum.Supp. 2013, and for enforcement of a paternity, custody and child support judgment's clause that, by its terms, requires Mother to provide Father with written notice of "any proposed relocation of the principal residence" of the child.

---

[1] Mother's surname now is Storm.

## Standard of Review

"[A] motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition." *Reynolds v. Diamond Foods & Poultry, Inc.*, 79 S.W.3d 907, 909 (Mo. banc 2002). A court reviews the petition "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 306 (Mo. banc 1993). In so doing, a court takes a plaintiff's averments as true and liberally grants plaintiff all reasonable inferences. It will not weigh the credibility or persuasiveness of facts alleged. *Id. Accord*, *Reynolds*, 79 S.W.3d at 909.

An appellate court reviews a trial court's grant of a motion to dismiss *de novo*. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). It will consider only the grounds raised in the motion to dismiss in reviewing the propriety of the trial court's dismissal of a petition, and, in so doing, it will not consider matters outside the pleadings. *Brennan By and Through Brennan v. Curators of the Univ. of Mo.*, 942 S.W.2d 432, 434 (Mo.App.1997). Here, the merits of Lake St. Louis's declaratory judgment claims regarding its boundaries were not a ground of the motion to dismiss and, therefore, are not reached on this appeal. *See* Rule 55.27(a). This Court considers solely whether the grounds raised in the motion supported dismissal.

*City of Lake Saint Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010).

## Facts and Procedural History

In 2007, Mother filed a petition to determine paternity and custody of her child with Father. On September 24, 2008, the trial court entered judgment in the proceeding. The judgment found Mother and Father to be the unmarried, natural parents of the child, and ordered that (1) Mother and Father comply with a parenting plan that was attached to and incorporated in the judgment, (2) "neither party should pay child support to the other party," and (3) Mother provide Father with written notice of "any proposed relocation of the principal residence" of the child. Also attached to and incorporated in the judgment was a handwritten memorandum signed by Father and Mother in which Father stated he was "giving up all (full) custody rights" of the child to Mother in exchange for Mother "drop[ping] [a] child support order against" Father. The parenting plan attached to the judgment awarded sole legal and physical custody of the child to

2

Mother, but did not expressly address Father's right to visitation with the child other than the parenting plan specifically provided Father should not have any "residential time" or "telephone contact."

In September 2013, Father, who alleged he was then incarcerated in the Missouri Department of Corrections, filed a motion *pro se* in which he requested modification of his right to visitation, and also sought sanctions for Mother's alleged failure to notify him of the "remov[al] [of] the . . . child to" Oklahoma in June 2013. In the motion, Father also alleged that (1) visitation was not addressed in the paternity judgment because Father, Mother and the child were living in the same household at the time of the judgment and continued to do so until April 2009; (2) after April 2009, Father, unbeknownst to Mother, "maintain[ed] a meaningful relationship" with the child through "visitation and phone calls" when Mother dropped the child off at Father's parents' home "every other weekend, sometimes every weekend" until Father was incarcerated in the Missouri Department of Corrections in November 2010; (3) after November 2010, Father continued "substantial contact" with the child through the telephone and "cards and letters" when the child was at Father's parents' home until November 2011 when Mother stopped taking the child to Father's parents' home; and (4) after November 2011, Mother "thwarted and frustrated contact and this deprivation alone jeopardized the Father-Child relationship."

Mother through counsel filed a single sentence motion to dismiss requesting that the trial court dismiss Father's motion because the motion "fails to state a cause of action." Father filed a two sentence response "electing not to plead further."

On December 16, 2014, the trial court entered a judgment dismissing Father's motion.

**Analysis**

Section 452.400.2(1) provides in part that "[t]he court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child." A change of circumstances from the time of the original judgment is not necessary to support a modification of visitation rights. *Russell v. Russell*, 210 S.W.3d 191, 196 (Mo. banc 2007). In this case, the facts alleged state a cause of action for modification of Father's right to visitation. The motion also states a cause of action for enforcement of the paternity judgment's clause that, by its terms, requires Mother to provide Father with written notice of "any proposed relocation of the principal residence" of the child.

The trial court's judgment is reversed and the case is remanded for further proceedings.


Nancy Steffen Rahmeyer, J. - Opinion Author

Don E. Burrell, P.J. - Concurs

Gary W. Lynch, J. - Concurs